UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELISSA MIDDLETON                                                  Plaintiff

v.                                            Civil Action No. 3:17-cv-00602-RGJ

SELECTRUCKS OF AMERICA, LLC                        Defendant
D/B/A/ SELECTRUCKS OF LOUISVILLE

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant SelecTrucks of America, LLC's, d/b/a SelecTrucks of Louisville ("SelecTrucks"), Partial Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment [DE 11]; Plaintiff Melissa Middleton's Motion for Leave to File an Amended Complaint and Add New Parties [DE 16]; and SelecTrucks's Objection to Notice of Withdrawal [DE 35]. Briefing is complete, and the Motions are ripe. For the reasons below, the Court **DENIES** SelecTrucks's Partial Motion to Dismiss, or in the alternative, for Partial Summary Judgment, **GRANTS** Middleton's Motion to Amend, and **OVERRULES** SelecTrucks's Objection to Notice of Withdrawal.

### BACKGROUND

Middleton filed a Complaint against SelecTrucks alleging unlawful retaliation and sex discrimination in violation of the Kentucky Civil Rights Act ("KCRA"), and unlawful retaliation in violation of the Family Medical Leave Act ("FMLA"). [DE 1, Compl.]. SelecTrucks responded by filing a Partial Motion to Dismiss, or in the alternative, Motion for Partial Summary Judgment. [DE 11]. SelecTrucks argues that it is entitled to dismissal or summary judgment because SelecTrucks does not meet the statutory definition of an employer under the KCRA and Middleton was not an eligible employee under the FMLA. *Id.* at 31. Middleton requested an extension of

1

time to respond [DE 12], which the Court granted [DE 13]. Middleton then responded. [DE 14]. SelecTrucks filed a timely Reply. [DE 15].

Two months later, Middleton moved for leave to file an amended complaint and add new parties. [DE 16]. Middleton's proposed Amended Complaint adds Daimler Trucks North America, LLC ("Daimler Trucks") and Daimler North America Corporation ("Daimler Corp.") (together, the "Daimler Companies") as parties. *Id.* at 82. SelecTrucks is a wholly owned subsidiary of the Daimler Companies, and thus Middleton asserts the Daimler Companies may be liable as a joint employer. *Id.* at 83–84. SelecTrucks opposed Middleton's Motion. [DE 17]. Middleton filed a timely Reply. [DE 20]. SelecTrucks moved for leave to file a sur-reply [DE 24], which the Court granted [DE 31; DE 32].

Several months later, Tyler Korus, one of Middleton's three attorneys, filed a Notice of Withdrawal stating that he no longer practices with Bishop Korus Friend, P.S.C. ("Bishop"). [DE 34]. Two other Bishop attorneys, John Friend and Robert Bishop, remain Middleton's counsel. *Id.* SelecTrucks stated that while it does not generally object to Korus's withdrawal from the case, it does object if Korus's withdrawal "attempts to absolve him from potential liability for fees and costs against counsel" from his pre-withdrawal conduct. [DE 35 at 354, 356]. A timely Response [DE 36], and Reply were filed. [DE 37].

## DISCUSSION

**A.  SelecTrucks's Partial Motion to Dismiss or for Partial Summary Judgment [DE 11].**

SelecTrucks first moves for dismissal or summary judgment on Middleton's KCRA claims asserting that it did not have fifteen or more employees within the Commonwealth during the relevant period, and thus is not an employer under the KCRA. [DE 11 at 31]. SelecTrucks also moves for dismissal or summary judgment on Middleton's FMLA claims arguing that Middleton

was not an eligible employee under the FMLA because SelecTrucks did not employ the required number of individuals at or within seventy-five miles of its Louisville worksite. *Id.* Middleton responds that SelecTrucks is an employer under the KCRA and argues that SelecTrucks misquotes the statute. [DE 14 at 59]. Finally, Middleton argues that SelecTrucks's Motion on the FMLA claim is premature because there has been no discovery. *Id.* at 58.

**1.** *Standard of Review.*

SelecTrucks moves to dismiss or, in the alternative, for partial summary judgment. [DE 11]. The Motion includes materials outside the pleadings—specifically, Bryan Howard's affidavit. *Id.* at 30. The Federal Rules of Civil Procedure and the Sixth Circuit have instructed that "[i]f, on a motion under 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). Consideration of affidavits not in the pleadings transforms a motion to dismiss into one for summary judgment. *Sequoyah v. Tenn. Valley Auth.*, 620 F.2d 1159, 1161 (6th Cir. 1980). Thus, Howard's affidavit converts SelecTrucks's Motion to one for partial summary judgment on Middleton's KCRA and FMLA retaliation claims. *See* Fed. R. Civ. P. 12(d).

Under Rule 56, summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008). The court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1)(A), (B); *see also Shreve v. Franklin Cty.*, 743 F.3d 126, 132, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

### 2. *KCRA Claims.*

On Middleton's KCRA retaliation claim, SelecTrucks has not carried its burden of proving that there are no genuine issues of material fact. Ky. Rev. Stat. § 344.030(2) of the KCRA instructs that "for the purposes of determining discrimination based on disability . . . employer means a person engaged in an industry affecting commerce who had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks." But the statute does not specify that the fifteen employees must be in the Commonwealth. *Id.*[1] Parties are "not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from

---

[1] For determining discrimination based on anything besides disability, "employer" means "a person who has eight (8) or more employees <u>within the state</u> in each of twenty (20) or more calendar weeks in the current or preceding calendar year." Ky. Rev. Stat. 344.030(2)(emphasis added).

the language used." *Beckham v. Bd. of Educ.*, 873 S.W.2d 575, 577 (Ky. 1994) (citing *Gateway Constr. Co. v. Wallbaum*, 356 S.W.2d 247 (Ky. 1962)). Courts are to "ascertain the intention of the legislature from words used in enacting statutes rather than surmising what may have been intended but was not expressed." *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819 (Ky. 2005) (internal quotation marks and citations omitted). Put differently, the legislature "meant exactly what it said, and said exactly what it meant." *Id.* (internal citation and quotation marks omitted). The Sixth Circuit has found that "[u]nder the plain meaning of [§ 344.030(2)], unlike the restriction attached to non-disability employers, the disability discrimination claims reach employees engaged in commerce but not necessarily located within the state of Kentucky." *Lewis v. Quaker Chem. Corp.*, No. 99-5405, 2000 WL 1234356, at *6 (6th Cir. Aug. 24, 2000).

SelecTrucks is an employer under the KCRA because SelecTrucks, admits that it has "enough employees outside of Kentucky to satisfy [Middleton's] interpretation of the KCRA's employee-minimum." [DE 17 at 111]. SelecTrucks produces no other evidence suggesting a lack of genuine issues of material fact on Middleton's KCRA retaliation claim. Thus, SelectTrucks motion for summary judgment on the KCRA claim must fail.

3. ***FMLA Claims.***

On Middleton's FMLA claim, SelecTrucks's Motion for Summary Judgment is premature. Middleton does not argue that summary judgment is improper or that genuine issues of material fact do exist. [DE 14 at 63–65]. Instead, Middleton argues that the Motion is premature because she needs to conduct discovery prior to responding. *Id.* at 63–65. Middleton suggests that she needs discovery to show that "SelecTrucks and Daimler North America are either an integrated enterprise or are joint employers." *Id.* at 63. The Sixth Circuit has recognized that joint

5

employment or an integrated enterprise can lead to coverage under the FMLA. *See Grace v. USCAR,* 521 F.3d 655, 664 (6th Cir. 2008).

Under Rule 56(d), the court may "deny a motion for summary judgment as premature where the non-moving party has not had a sufficient opportunity for discovery." *Andrews v. Raphaelson*, No. 09-77-JBC, 2009 WL 1636954, at *1 (E.D. Ky. June 11, 2009). Rule 56(d) allows a nonmoving party to show by affidavit that "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). When this happens, the court has three options: "1) defer considering the motion or deny it; 2) allow time to obtain affidavits or declarations or to take discovery; or 3) issue any other appropriate order." *Id.* "The denial of a motion for summary judgment on this ground requires that the party seeking additional discovery file an affidavit setting forth the need for discovery and what the party hopes to uncover during the discovery process." *Andrews*, 2009 WL 1636954, at *1.

Middleton has filed an affidavit discussing her need for discovery based on her belief that SelecTrucks and the Daimler Companies are an integrated enterprise or joint employers and therefore covered by the FMLA. [DE 14-3 at 70]. Middleton states that she hopes to uncover how the Daimler Companies interact with the SelecTrucks and the Daimler Companies' other brands. *Id.* Middleton explicitly lists the information that she believes she needs to examine to make this determination. *Id.* at 70–71.

Because Middleton now lacks access to enough facts to justify her opposition without additional discovery, SelecTrucks's Motion is premature as to the FMLA claim. SelecTrucks has thus failed to justify summary judgment on Middleton's FMLA claims, and its Motion is denied.

**B. Middleton's Motion for Leave to File an Amendment and Add New Parties [DE 16].**

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Ordinarily, a court should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit has explained that Rule 15 reflects a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of the pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted). "Thus, so long as the opposing party suffers no prejudice or disadvantage, the court should grant amendments to the complaint." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *1 (W.D. Ky. Oct. 4, 2016) (citing *Cooper v. Am. Emp. Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961)).

That said, "a motion to amend may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (internal quotations marks, emphasis, and citation omitted). Whether to allow an amended pleading under Rule 15(a) is committed to the Court's discretion. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Rule 12(b)(6) requires the plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622,

627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation omitted). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Middleton's Amended Complaint seeks to add the two Daimler Companies. [DE 16 at 82]. SelecTrucks asserts that adding new parties is futile as it would not save Middleton's retaliation claims under the KCRA or the FMLA. [DE 17 at 105]. First, as to the KCRA claim, SelecTrucks argues that if Middleton's interpretation of "employer" under the KCRA holds true, SelecTrucks has enough employees outside Kentucky to satisfy the statute's employee minimum without needing to add the Daimler Companies. *Id.* at 111. On the other hand, SelecTrucks asserts that if the KCRA's definition of "employer" applies only to employees within the Commonwealth, adding the Daimler Companies would not salvage Middleton's KCRA claims because neither company has a location in Kentucky. *Id.*

That SelecTrucks has enough employees outside Kentucky to satisfy the minimum-employee standard, as found above, does not affect Middleton's right to add a party under Rule 20. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Defendants may be joined if "(A) any right to relief is asserted against them jointly, severally, or in the alternative

8

with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. (20)(2).

SelecTrucks's and the Daimler Companies' potential liability arises from Middleton's employment and termination at SelecTrucks. Daimler exercised some level of control over SelecTrucks. For example, Middleton's termination letter was drafted on Daimler letterhead with Daimler Trucks North America Human Resources named in the letter; Middleton had a "daimler.com" email address; and Bryan Howard, an affiant for SelecTrucks who characterizes himself as a SelecTrucks employee, is located at Daimler's Fort Mill, South Carolina location. [DE 20 at 118]. Because the Daimler Companies exercised at least some control over SelecTrucks, and Middleton's claims arise out of the same transaction or occurrence, Middleton can assert her right to seek relief against all parties jointly. There are questions of law or fact common to all parties, including whether Middleton engaged in protected activity by taking leave under the FMLA, whether the parties retaliated against Middleton by, among other things, terminating her after she returned from FMLA leave, whether requesting reasonable accommodations is a protected activity under the KCRA, and whether the parties retaliated against Middleton for requesting reasonable accommodations under the KCRA. Thus, permitting Middleton to add the Daimler Companies as defendants serves the interests of convenience and judicial economy for all parties.

Second, as to the FMLA claim, SelecTrucks asserts that adding the Daimler Companies would not alter the conclusion that SelecTrucks does not meet the FMLA's numerosity requirement, and thus Middleton is an excluded employee under the statute. *Id.* at 108. To meet the numerosity requirement, Middleton must show that one or both of the Daimler Companies

employed at least fifty employees within seventy-five miles of SelecTrucks's Louisville worksite. *See* 29 U.S.C. § 2611(2)(B)(ii); [DE 17 at 107–08]. SelecTrucks asserts that there is no Daimler Truck or Daimler Corp. located within seventy-five miles of SelecTrucks's Louisville worksite, and thus the amendment is futile. [DE 17 at 109–10].

As to the FMLA claim, Middleton's amendment is not futile because this Court cannot yet determine whether it would survive a motion to dismiss as whether the numerosity requirement is met is a question of fact. As stated above, Rule 15 reflects a "liberal amendment policy," *Brown*, 814 F.3d at 442–43, and courts should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman*, 371 U.S. at 182. For this reason and those outlined above, the Court grants Middleton's Motion for Leave to File an Amended Complaint and Add New Parties.

**C.     SelecTrucks's Objections to Notice of Withdrawal [DE 35].**

Finally, SelecTrucks objects to Korus's Notice of Withdrawal [DE 34] to "the extent [it] attempts to absolve him from potential liability for fees and costs against counsel." [DE 35 at 354]. SelecTrucks argues that Middleton, by presenting a new legal theory to meet the FMLA's numerosity requirement in her Reply to her Motion to Amend, created unnecessary briefing. *Id.* at 355. Korus was counsel of record when the Reply was filed. *Id.* Middleton notes that SelecTrucks has not filed a Rule 11 motion for sanctions after this allegedly sanctionable conduct. [DE 36 at 360].

To begin with, no motion was submitted as required by Local Rule 7.1. The Court will consider any timely filed motion or joint motion that complies with Local Rule 7.1 that states with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.

10

In any event, Korus's withdrawal is proper under Local Rule 83.6, which stipulates that "[i]n cases where an attorney seeks to be substituted for another as attorney of record, and both attorneys are within the same partnership or other legal professional association, a notice of substitution must be filed by the withdrawing attorney and the substitute attorney with an affirmative representation stating that the substitution is made with the client's consent; the notice may, but need not be, signed by the client." Korus was previously in the same partnership with Middleton's remaining counsel and was only one of the three attorneys of record. When he withdrew, Korus filed notice that the firm would remain the attorney of record. [DE 24]. There was no need for an affirmative representation of client consent to the withdrawal and substitution because the client had consented to representation by the firm and the remaining named attorneys of record from the start of the lawsuit. For these reasons, Korus's withdrawal notice was proper.

## CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS AS FOLLOWS**:

1. Defendant's Partial Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment [DE 11] is **DENIED**;

2. Plaintiff's Motion for Leave to File Amended Complaint and Add New Parties [DE 16] is **GRANTED.** Plaintiff's Amended Complaint [16-1] is filed of record as of entry of this Order; and

3. Defendant's Objection to Notice of Withdrawal [DE 35] is **OVERRULED.**

Cc: Counsel of record