UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00602-RGJ-CHL

**MELISSA MIDDLETON ,**                                                                                      **Plaintiff,**

**v.**

**SELECTRUCKS OF AMERICA, LLC, et al.,**                                                   **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

  Before the Court is a motion to enforce the subpoena duces tecum served on non-party Priced Right Custom Motorsports, LLC by Defendant SelecTrucks of America, LLC (Defendant"). (DN 80.) Plaintiff Melissa Middleton ("Plaintiff") filed a response (DN 83), to which Defendant filed a reply (DN 85). Therefore, the motion is ripe for review.

  **I.**  **BACKGROUND**

  On December 9, 2020, Defendant issued a subpoena duces tecum to Priced Right Custom Motorsports, LLC ("Priced Right"). (DN 65.) Priced Right is an inactive Kentucky limited liability company for which Plaintiff was the registered agent from 2014 until it formally dissolved in 2018. (DN 83, at PageID # 714.) Defendant first learned of Priced Right in November 2020 through Plaintiff's response to Defendant's Interrogatory No. 6, which requested Plaintiff's employment history. (DN 80, at PageID # 658.) Defendant's subpoena requests Priced Right to disclose: (1) all documents related to Plaintiff; (2) any business records related to Plaintiff's status a an LLC member; (3) any business records related to Plaintiff's income as an LLC member; (4) copies of Plaintiff's "personnel file, payroll records, wage statements, record of hours worked, W-2 and job description(s)"; (5) copies of the LLC's operating agreements; (6) any tax returns and related tax documents for the LLC; and (7) "all

financial statements, net worth statements, or loan applications" for the LLC.  (DN 65-1, at PageID # 621.)

On December 28, 2020, Plaintiff, in her capacity as Priced Right's registered agent, sent a letter to Defendant objecting to the subpoena on grounds of insufficiency of service, the amount of time allotted to comply, and that compliance would subject her to annoyance, embarrassment, oppression, and undue burden or expense.  (DN 80-3, at PageID # 686-87.)  On January 4, 2021, the Court held a telephonic status conference during which the Parties agreed to continue conferring in order to resolve the issues concerning the subpoena.  (DN 69, at PageID # 626.)  On January 5, 2021, the Parties conferred and came to an agreement that Plaintiff would produce responsive documents "on a rolling basis" and aim to complete her responses to the subpoena by January 19, 2021.  (DN 80-4, at PageID # 690.)  Plaintiff concedes that in agreeing to produce the requested documents she waived Priced Right's objections to the subpoena.  (DN 83, at PageID # 716.)

On January 18, 2021, Plaintiff produced 204 pages of documents in response to the subpoena.  (DN 80, at PageID # 661.)  On January 21, 2021, the Court held a telephonic status conference, during which Defendant objected to the sufficiency of Plaintiff's disclosure.  (DN 73, at PageID # 632.)  Plaintiff reported that she had produced every existing document that is responsive to the subpoena but agreed to conduct another search of her records for responsive materials.  (*Id.*)  The Court instructed the Parties to continue working with one another to resolve the issue and granted leave for Defendant to proceed to motions practice to enforce the subpoena if the Parties were unable to do so.  (*Id.*)  Following the conference, the Parties exchanged several emails regarding Plaintiff's compliance with the subpoena, but they were unable to come to an agreement.  (DN 80, at PageID # 661.)

In its motion, Defendant states that the only disclosures pursuant to its subpoena "consisted primarily of Plaintiff's *own* tax returns from 2017 to present." (DN 80, at PageID # 661.) Defendant argues that "[t]hese materials are not responsive to the subpoena[] which seek[s] business records from Plaintiff's business[]." (*Id.*) In response, Plaintiff agrees that the scope of the subpoena is clear, but states that no additional responsive material exists. (DN 83, at PageID # 716.) In reply, Defendant contests Plaintiff's claim that the business records it seeks do not exist. First, Defendant notes that Plaintiff's December 28, 2020 letter objecting to the subpoena does not states that the responsive documents do not exist. (DN 85, at PageID # 738.) Defendant further cites to the Kentucky Limited Liability Company Act, which imposes a duty on LLC's to maintain certain records within the scope of those sought by Defendant's subpoena. (*Id.*, at PageID 739.) Defendant argues that if Priced Right, "by and through its manager, Melissa Middleton, has failed to maintain statutorily-required business records for an LLC, she should be required to explain what happened on the record so that the Court may consider the effect on the current proceedings, whether it be after-the-fact spoilation or Respondent's failure to maintain required business records in the first place." (*Id.*)

## II.     DISCUSSION

"The federal courts are often confronted with a party's complaint that its opponent must have documents that it claims not to have." *In re Lorazepam & Clorazepate Antitrust Litig.*, 219 F.R.D. 12, 17 (D.D.C.2003). However, "[s]uch an assertion is insufficient to warrant a motion to compel." *Averill v. Gleaner Life Ins. Soc.*, 626 F. Supp. 2d 756, 766 (N.D. Ohio 2009). *See Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 310 (W.D. Tenn. 2008) (finding that based on party's "representation to the court that documents responsive to this request either do not exist or have already been produced to plaintiffs, the motion to compel with respect to this request is denied").

3

This situation was recently addressed by the Western District of New York, where the plaintiff moved to compel defendants' production of documents that a third party was obligated to keep and maintain. *Osucha v. Alden State Bank*, No. 17-CV-1026 (LJV), 2020 WL 3055790, at *3 (W.D.N.Y. June 9, 2020). The court noted that the defendants had not denied that the documents ever existed, and that defendants' counsel had credibly asserted that she had produced everything her clients had given her. *Id.* Under these circumstances, the Court opined: "That lead defense counsel has produced everything given to her, and that the material in the bullet points remains unaccounted for, can be true at the same time, and therein lies the difficulty." *Id.* Acknowledging that it was "having some trouble crafting a remedy," the Court opted for "[a]n incremental approach" wherein it required the defendants to submit a sworn affidavit or declaration that stated their position for each piece of undisclosed information as to whether it ever existed, what they believe happened to it, what steps were taken to locate it, and how they would go about locating it if they "absolutely needed" to. *Id.*

The Court finds that a similar approach is appropriate here. The Court will order Plaintiff, on behalf of Priced Right, to submit to Defendant an affidavit detailing its position on each category of documents requested in the subpoena as set forth below. In doing so, the Court takes no position on Defendant's suggestion of after-the-fact spoilation. Additionally, to the extent that Defendant believes that Priced Right should have to answer for any "failure to maintain required business records," the Court makes clear that the purpose of this order is not to police the record keeping or accounting practices of a defunct LCC that is not a party to this action. Rather, the purpose of this exercise is to inform Defendant as to the status of documents that might shed light on Plaintiff's income during the years relevant to this action so that it can best prioritize its discovery efforts.

### III.     ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. Defendant's motion to compel compliance is DENIED.

2. On or before **June 18, 2021**, Plaintiff shall tender to Defendant a sworn affidavit that states for each category of documents sought by the subpoena:

    a. What responsive documents she has already produced;

    b. Whether additional responsive documents ever existed; and

    c. What steps were taken to locate the documents.

Colin H Lindsay, Magistrate Judge
United States District Court

May 18, 2021

cc: Counsel of record