UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELISSA MIDDLETON                                                                                    Plaintiff

v.                                                                                      Civil Action No. 3:17-cv-602-RGJ

SELECTRUCKS OF AMERICA, LLC                                                                      Defendants
D/B/A SELECTRUCKS OF LOUISVILLE,
*ET AL.*

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Middleton moved *in limine* to exclude evidence related to other acts. [DE 117]. Defendants SelecTrucks of America, LLC ("SelecTrucks") and Daimler Trucks North America ("DTNA") (together with SelecTrucks, "Defendants") objected to Middleton's Motion *in Limine* [DE 137] and Middleton replied [145]. Defendants also moved *in limine* to exclude evidence [DE 126] and Middleton responded [DE 132]. Middleton objected to Defendants' Witness List [DE 134] and Defendants' Exhibit List [DE 135]. Defendants objected to Middleton's Proposed Voir Dire [DE 133], Middleton's Proposed Jury Instructions [DE 136], Middleton's Exhibit List [DE 140], and Middleton's Witness List [DE 141]. Defendants moved to strike a series of Middleton's replies. [DE 148]. Briefing is complete, and the matter is ripe. For the reasons below, the Court **GRANTS in Part and DENIES in Part** Middleton's Motion *in Limine* [DE 117], **DENIES** Defendants' Motion *in Limine* [DE 126], and **DENIES** Defendants' Motion to Strike [DE 148]. To the extent that the relief requested does not conflict with the Court's other rulings, Middleton's Objection to Defendants' Witness List [DE 134], Middleton's Objection Defendants' Exhibit List [DE 135], Defendants' Objection to Middleton's Proposed Voir Dire [DE 133], Defendants'

1

Objection to Middleton's Exhibit List [DE 140], and Defendants' Objection to Middleton's Witness List [DE 141] are **GRANTED.**

## I. BACKGROUND

SelecTrucks is a used semi-truck retailer headquartered in Fort Mill, South Carolina. [DE 107 at 920]. SelecTrucks is wholly owned by Daimler Trucks Remarketing Corporation ("DTR"), a subsidiary of DTNA. [DE 105 at 853]. SelecTrucks employed Middleton from 2002 to 2017. [DE 39 at 38]. Initially hired as an inventory controller, Middleton was promoted in 2014 to "General Manager of the Louisville Center of SelecTrucks." [*Id.* at 385]. As General Manager, Middleton was responsible for "overseeing the truck center, dealing and buying trucks, and managing people who reported to her." [*Id.*]. Middleton was also responsible for developing an annual business plan for the Center and presenting the plan to a senior manager at DTR at an annual meeting. [DE 107 at 921]. On October 25, 2016, Middleton submitted a request for leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, related to a knee surgery. [DE 107 at 932]. Middleton's approved FMLA leave continued until April 2017. [*Id.*]. On the day Middleton returned from FMLA leave, she was terminated by her manager, in consultation with his supervisors. [*Id.* at 933].

Middleton filed suit against SelecTrucks, alleging claims of retaliation in violation of the FMLA, 29 U.S.C. § 2601, and unlawful gender discrimination and retaliation in violation of the Kentucky Civil Rights Act ("KCRA"), KRS § 344.010. [DE 1]. In anticipation of trial, Middleton filed a Motion *in Limine* to exclude character evidence. [DE 117]. Defendants also filed a Motion *in Limine* to exclude evidence [DE 126], and a Motion to Strike certain replies filed by Middleton [DE 148]. Middleton objected to Defendants' Witness List [DE 134] and Defendants' Exhibit List [DE 135]. Defendants objected to Middleton's Proposed Voir Dire [DE 133], Middleton's

Proposed Jury Instructions [DE 136], Middleton's Exhibit List [DE 140], and Middleton's Witness List [DE 141]. The Court denied two of Middleton's pretrial motions as moot in a previous ruling. [DE 149]. In the same Order, the Court also granted in part Middleton's and Defendants' motions *in limine*. [DE 149]. This memorandum and order addresses all remaining issues in the parties' pretrial motions and objections.

## II. LEGAL STANDARD

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence *in limine* under their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). Yet, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Courts favor this posture so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F.Supp.2d 702, 706 (E.D. Ky. 2010) (internal citations omitted). When this Court issues a ruling *in limine*, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd,* 469 U.S. 38 (1984)). Thus, the Court may alter or amend a prior *in limine* ruling at trial. *Luce,* 713 F.2d at 1239.

## III. DISCUSSION

### A. Middleton's Motion *in Limine* to Exclude Evidence of Other Civil Matters [DE 117].

Middleton moves the Court to exclude evidence that she has been involved in four other civil matters: a 1989 bankruptcy, two divorces, and a debt collection action. [DE 117 at 1663]. The Court excluded evidence of Middleton's two divorces in its Order from the Final Pretrial Conference. [DE 149]. Middleton argues that evidence of her bankruptcy and debt collection

action is irrelevant and should be excluded under Federal Rule of Evidence 401. [DE 117 at 1663]. The only possible use for this evidence would be to malign Middleton's character, which is impermissible under Rule 404. Defendants claim that the evidence is relevant because it tends to show Middleton's financial motives for bringing this lawsuit, which is an exception to the Rule 404 prohibition on character evidence. [DE 137 at 2958].

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(a)(1). The Sixth Circuit has created a three step test to determine "whether a prior bad act should be admissible: (1) whether there is sufficient evidence that the prior other act actually occurred; (2) whether the evidence of the other act is probative of a material issue other than character; and (3) if the first two factors are met, whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *United States v. Mendez*, No. 08-20406-STA, 2009 WL 2982628, at *2 (W.D. Tenn. Sept. 11, 2009) (citing *United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004)).

Under the three-part test described by the Sixth Circuit, evidence related to Middleton's bankruptcy and debt collection action will not be admitted. The parties do not dispute whether there is sufficient evidence that the bankruptcy and debt collection action occurred. But, under the second part of the test, Defendants have failed to show that the evidence is probative of a material issue. Defendants argue that these prior civil actions prove financial motive, but it is undisputed that a person who stands to gain financially has motive to sue, regardless of financial distress. *See Suarez v. City of Warren*, No. 17-cv-12623, 2018 WL 6381100, at *4 (E.D. Mich. Dec. 6, 2018) (excluding a party's prior bankruptcy in a workplace discrimination action); *E.E.O.C. v. New Breed Logistics*, No. 10-2696-STA-tmp, 2013 WL 10129246, at *1 (W.D. Tenn. Apr. 26, 2013).

Therefore, Middleton's financial motive to sue is not probative of a material issue. Plaintiff's motion *in limine* to exclude evidence of her bankruptcy and debt collection action [DE 117] is **GRANTED.**

### B. Middleton's Motion *in Limine* to Exclude Evidence of Other Criminal Matters [DE 117].

Middleton moves the Court to exclude evidence of her DUI and a conviction of Theft by Unlawful Deception under Kentucky Revised Statute § 514.040. [DE 117 at 1664]. The Court excluded evidence of Middleton's DUI in its Order from the Final Pretrial Conference. [DE 149]. Middleton argues that evidence of the conviction of Theft by Unlawful Deception is inadmissible under Rule 609(b) because it is more than 10 years old and its prejudicial effect substantially outweighs probative value. [DE 117 at 1664]. Defendants claim that a witness's character for truthfulness may be attacked via evidence of a criminal conviction involving a dishonest act. [DE 137 at 2960].

A witness's character for truthfulness may be attacked via evidence of a criminal conviction, and "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Prior convictions for theft by deception are admissible for purposes of impeachment under Rule 609(a)(2) because they involve elements requiring proof of admission of an act of dishonesty or false statement. *Eaves v. United States*, No. 4:07CV-118-M, 2009 WL 3754176, at *7 (W.D. Ky. Nov. 5, 2009).

Defendants seek to introduce evidence of Middleton's conviction of Theft by Unlawful Deception for impeachment purposes. [DE 137 at 2960]. Although Middleton claims that the evidence is more than 10 years old, public records indicate that Middleton pled guilty roughly nine

5

years ago on December 19, 2012. *See Commonwealth v. Middleton*, Meade County Dist. Court, 12-M-00678. As the Court held in *Eaves*, Middleton's conviction of Theft by Unlawful Deception is admissible only for impeachment purposes. 2009 WL 3754176, at *7. A conviction of Theft by Unlawful Deception requires proof of an act of dishonesty or false statement. *Id.* Therefore, Middleton's Motion *in Limine* to exclude her conviction of Theft by Unlawful Deception is **DENIED s**o long as Defendants only seek to use Middleton's conviction as impeachment evidence**.**

### C. Middleton's Motion *in Limine* to Exclude Evidence Related to her Medical Leaves [DE 117].

Middleton moves the Court to exclude evidence related to (1) an elective surgery during Middleton's FMLA leave and (2) allegations that while on unspecified medical leaves, Middleton attended a "bike week" and was somewhere around "boat racing." [DE 117 at 1664–65]. The Court excluded evidence of Middleton's elective surgery in an Order pursuant to the Final Pretrial Conference. [DE 149]. Middleton argues that evidence of her activities while on FMLA leave is inadmissible because it is irrelevant and impermissible character evidence. [DE 117 at 1664–65]. Defendants claim that the evidence is admissible to prove their motive for Middleton's termination. [DE 137 at 2961–62].

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Defendants argue that evidence related to Middleton's improper use of FMLA leave contributed to her termination. [DE 137 at 2961]. Defendants also claim that the decisionmakers who ultimately terminated Middleton were aware of her activities while on FMLA leave. [*Id.*]. Therefore, the evidence is relevant to establish whether Middleton's termination was based on legitimate reasons or whether it was pretextual. *See* Fed. R. Evid. 401. Courts in the Sixth Circuit

6

have held that evidence of an employee's conduct while on FMLA leave, as well as the employer's knowledge of that conduct, is admissible to prove the reason for termination. *See, e.g.*, *McTaggart v. Catholic Health Initiatives*, No. 1:19-CV-00088-DCLC, 2021 WL 3291963, at *3 (E.D. Tenn. Aug. 2, 2021). Middleton's motion to exclude evidence that while on unspecified medical leaves, Middleton attended a "bike week" and was somewhere around "boat racing" is **DENIED** to the extent Defendants can show decisionmakers knew about the conduct prior to Middleton's termination.

> **D. Defendants' Motion *in Limine* to Exclude Evidence Related to Any Statements Made by Dave Conzett [DE 126].**

Defendants moved to exclude any reference, testimony, evidence, or discussion regarding statements made by Dave Conzett ("Conzett"). [DE 126 at 2665]. Defendants argue that because Conzett is deceased and may not testify, statements made by Conzett were inadmissible hearsay. [*Id.*]. Middleton claims that Conzett's relevant statements were made to Middleton while both were employed by SelecTrucks. [DE 132 at 2918–19]. So, Middleton argues that she may admit Conzett's statements against the Defendants as statements made by the Defendants' agent or employee. [*Id.*].

Federal Rule of Evidence 801 defines hearsay as a statement "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). However, a statement is not excludable hearsay if offered against an opposing party and made "by the party's agent or employee on a matter within the scope of that relationship while it existed" Fed. R. Evid. 801(d)(2)(D). This Rule "is designed to bind the employer where one of its managerial employees makes a statement within the scope of the employee's duties as a manager." *Grizzell v. City of Columbus Div. of Police,* 461 F.3d 711, 722 (6th Cir. 2006) (quoting *Barner v. Pilkington N. Am.,*

7

*Inc.*, 399 F.3d 745, 750 (6th Cir. 2005)). The Sixth Circuit has held that a party's scope of employment for purposes of Rule 801(d)(2)(D) "extends beyond direct decision-makers." *Carter v. University of Toledo*, 349 F.3d 269, 275 (6th Cir. 2003).

Middleton seeks to introduce statements made by Conzett through her own testimony. [DE 126 at 2666]. At the time these statements were made, Conzett was a SelecTrucks center manager at a different location. DE 107-1 at 1043, Middleton Dep. 338:23–339:21. Conzett's statements concerned the financial performance of his SelecTrucks location and that he thought he may be terminated. [DE 132 at 219]. Conzett's statements were not made while testifying, and Middleton has offered these statements for the truth of the matter asserted. Therefore, Conzett's statements are inadmissible hearsay unless excluded from the hearsay definition. *See* Fed. R. Evid. 801(c). Middleton is offering the statements against Defendants, which would satisfy the first part of Rule 801(d)(2)(D). *See, e.g.*, *Taylor v. Dollar Gen. Corp.*, No. 14-77-ART, 2015 WL 3872341, at *3 (E.D. Ky. June 23, 2015). Although Conzett was not in a position to make decisions regarding Middleton's employment, he was a SelecTrucks manager. [DE 107-1 at 1043, Middleton Dep. 338:23–339:21]. As a manager, Conzett's statements regarding the financial performance of his SelecTrucks center were within the scope of his agency. *See Hill v. Speigel, Inc.*, 708 F.2d 233, 237 (6th Cir. 1983) (It is "not necessary to show that the declarant had authority to make the statement. . . . [It is only necessary that] the content of the declarant's statement concerned a matter within the scope of his agency."). Moreover, Conzett's employment as a manager was directly tied to the center's financial performance. These statements were made within the scope of Conzett's agency or employment, so Defendants are bound by Conzett's statements. *See Grizzell*, 461 F.3d at 722. Because Conzett's statements are being offered against Defendants and the statements were made within the scope of his employment, the statements are considered non-

hearsay. Fed. R. Evid. 801(d)(2)(D). Defendants' motion to exclude any reference, testimony, evidence, or discussion regarding statements made by Conzett is **DENIED**.

### E. Defendants' Motion *in Limine* to Exclude Testimony, and any Mention or Discussion of Testimony, From Wanda Yarbrough [DE 126].

Defendants move to exclude testimony from Wanda Yarbrough. [DE 126]. Defendants argue that Wanda Yarbrough's ("Yarbrough") testimony is irrelevant, prejudicial, and not based on her personal knowledge. [*Id.* at 2666]. Middleton claims that Yarbrough will only testify to information that is within her personal knowledge. [DE 132 at 2920].

A witness may only testify to matters that are shown to be within the witness's personal knowledge. *See* Fed. R. Evid. 602. Under Federal Rule of Evidence 701, a lay witness may testify about anything that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." The Sixth Circuit has held "it is not error to allow a lay witness to express an opinion regarding discrimination in an employment setting as long as the opinion complies with the requirements of Rule 701." *Miller v. Alldata Corp.*, 14 Fed. App'x 457, 465 (6th Cir. 2001).

Yarbrough retired in December 2015, which would limit the relevance of her testimony to events that occurred prior to this date. [DE 126 at 2666]. However, this was more than a year after Middleton was awarded the management position at SelecTrucks. [DE 132 at 2922]. Yarbrough's testimony consists of her observations and opinions regarding Middleton's supervisor, Bryan Howard ("Howard"), and his treatment of Middleton and other women employees, including Yarbrough. [*Id.* at 2921]. She will also testify about her opinion of Middleton's job performance that she personally observed. [*Id.*]. The Sixth Circuit has held that a lay witness, like Yarbrough, may testify regarding the pretext for an employee's termination

9

based on a supervisor's outward actions. *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("[W]e do not believe that it is beyond the ken of an ordinary person to infer from another's outward actions what his inward feelings are . . ."). Yarbrough's testimony regarding her observations of Howard go directly to a fact at issue. *See* Fed. R. Evid. 701.

Testimony regarding Middleton's job performance is also at issue because it directly rebuts Defendants' claim that Yarbrough was terminated for her poor job performance. *Id.* Defendants have failed to cite a single case where a court excluded testimony regarding the plaintiff's job performance with the same employer in an employment discrimination action. [DE 126 at 2667]. Instead, cases cited by Defendants related to testimony of a plaintiff's performance at a different employer. [*Id.*]. Courts in the Sixth Circuit have admitted testimony from co-workers that have personal knowledge of a party's work performance. *See, e.g.*, *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 866–67 (E.D. Mich. 2007); *Oster v. Huntington Bancshares, Inc.*, No. 2:15-cv-2746, 2017 WL 2215462, at *10–11 (S.D. Oh. 2017). Similarly, Yarbrough is prepared to testify regarding the quality of Middleton's performance while they were both employed at SelecTrucks. [DE 132 at 2922]. Yarbrough worked with Middleton for more than a year after Middleton secured her position as the manager of the Louisville SelecTrucks location. [DE 126 at 2666]. Although Yarbrough could not offer relevant testimony regarding Middleton's performance after her retirement, Yarbrough could testify regarding Middleton's job performance up until December 2015. *See* Fed. R. Evid. 401. Yarbrough's testimony will be limited to her opinion of events up until her retirement in December 2015, and Defendants' motion to exclude Yarbrough's testimony and any mention or discussion of her testimony is **DENIED.**

### F. Defendants' Motion *in Limine* to Exclude Testimony, Evidence, Argument, Discussion, or Reference Regarding Any Alleged Failure to Provide Reasonable Accommodations [DE 126].

Defendants move to exclude any reference to Middleton's request for accommodations or Defendants' failure to provide reasonable accommodations. [DE 126 at 2667]. Defendants argue that the terms "accommodation" and "failure to accommodate" have independent legal significance suggesting claims under the Americans with Disabilities Act ("ADA") or its state counterpart, the Kentucky Civil Rights Act ("KCRA"). [*Id.*]. Because Middleton has not asserted a cause of action under the ADA, evidence related to accommodations would be irrelevant and present a danger of undue prejudice. [*Id.*]. Middleton claims that although she is not making a claim under the ADA or its KCRA counterpart, she will be proving that Defendants retaliated against her for seeking accommodations, which she cannot do without showing that she requested accommodations. [DE 132 at 2923].

Under Kentucky law, it is unlawful "[t]o retaliate or discriminate in any manner against a person because she has opposed a practice declared unlawful by this chapter." KY. REV. STAT. ANN. § 344.280(1). An "employer" may not "discriminate against an individual . . . because of the individual's . . . disability." *Id.* at 344.030(2). As part of a retaliation claim under the KCRA, Middleton must prove that she engaged in a protected activity and that Defendants knew Middleton engaged in the activity. *See Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 851 (Ky. 2016). Evidence is relevant if it makes an element of Middleton's claim more or less probable. *See* Fed. R. Evid. 401. However, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* at 403.

Middleton has asserted a retaliation claim under the KCRA stating that she engaged in a protected activity when she requested accommodations. [DE 1 at 7–8]. Middleton argues that the close temporal proximity to her request indicates that her termination was not because of her poor performance but in retaliation for her request for accommodations. [*Id.* at 8]. Middleton bears the burden of proving that she requested accommodations and that the close temporal proximity between her request and termination. *See Parnell v. West*, No. 95-2131, 1997 WL 271751, at *3 (6th Cir. May 21, 1997). Evidence related to these accommodations is not only relevant, but essential to prove elements of Middleton's retaliation claim. *See Deng*, 487 S.W.3d at 851. The danger of confusion or unfair prejudice will not outweigh the probative value of evidence related to Middleton's accommodations. *See* Fed. R. Evid. 403. Courts in the Sixth Circuit have held that evidence of accommodations is relevant and admissible for a claim for retaliation under the KCRA. *See, e.g.*, *Mootoor v. E. Ky. Univ.*, No. 5:18-cv-645-JMH-MAS, 2020 WL 5633847, at *9–10 (E.D. Ky. Sept. 20, 2020). Defendants' motion to exclude testimony, evidence, argument, discussion, or reference regarding any alleged failure to provide reasonable accommodations is **DENIED.**

### G. Unopposed Objections [DE 133, 134, 135, 136, 140, 141].

Middleton filed objections to Defendants' Witness List [DE 134] and Defendants' Exhibit List [DE 135]. Defendants filed objections to Middleton's Proposed Voir Dire [DE 133], Middleton's Proposed Jury Instructions [DE 136], Middleton's Exhibit List [DE 140], and Middleton's Witness List [DE 141]. Based on the colloquy with the parties at the Final Pretrial Conference, the Court will not rule on Defendants' Objection to Middleton's Proposed Jury Instructions [DE 136] at this time. The parties did not file responses to the remaining objections or address them at the Final Pretrial Conference. Therefore, to the extent that the relief requested does not conflict with the Court's other rulings, Middleton's Objection to Defendants' Witness

List [DE 134], Middleton's Objection Defendants' Exhibit List [DE 135], Defendants' Objection to Middleton's Proposed Voir Dire [DE 133], Defendants' Objection to Middleton's Exhibit List [DE 140], and Defendants' Objection to Middleton's Witness List [DE 141] are **GRANTED.**

### H. Defendants' Motion to Strike Plaintiff's Replies [DE 148].

Defendants move to strike a series of replies [DE 144, 145, 146] filed by Middleton prior to the Final Pretrial Conference on February 22, 2022. [DE 148]. The Court's Scheduling Order requires motions *in limine* and motions for rulings on deposition objections to be filed no later than 21 days prior to the Final Pretrial Conference. [DE 59 at 574–75]. Responses to these motions are due no later than 14 days prior to the Final Pretrial Conference. [*Id.*]. Middleton filed her replies on the day of the Final Pretrial Conference [DE 144, 145, 146]. The Court stated on the record that it had not seen these replies at the time of the Final Pretrial Conference. But both parties were provided ample time to address arguments on their merits at the Final Pretrial Conference and Defendants could have drafted a response after the conference. Instead, counsel spent their time drafting and filing a motion to strike, which makes no attempt to address the merits of the replies. These replies do not change the outcome of the Court's analysis, and the motion to strike is unhelpful to the Court. Defendants' motion to strike is **DENIED.**

## IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Middleton's Motion *in Limine* to Exclude Evidence of Other Civil Matters [DE 117] is **GRANTED**;

2. Middleton's Motion in Limine to Exclude Evidence of Other Criminal Matters [DE 117] is **DENIED**;

3. Middleton's Motion *in Limine* to Exclude Evidence Related to her Medical Leaves [DE 117] is **DENIED**;

4. Defendants' Motion *in Limine* to Exclude Evidence Related to Any Statements Made by Dave Conzett [DE 126] is **DENIED**;

5. Defendants' Motion *in Limine* to Exclude Testimony, and any Mention or Discussion of Testimony, From Wanda Yarbrough [DE 126] is **DENIED**;

6. Defendants' Motion *in Limine* to Exclude Testimony, Evidence, Argument, Discussion, or Reference Regarding Any Alleged Failure to Provide Reasonable Accommodations [DE 126] is **DENIED**;

7. To the extent that the relief requested does not conflict with the Court's other rulings, Middleton's Objection to Defendants' Witness List [DE 134], Middleton's Objection Defendants' Exhibit List [DE 135], Defendants' Objection to Middleton's Proposed Voir Dire [DE 133], Defendants' Objection to Middleton's Exhibit List [DE 140], and Defendants' Objection to Middleton's Witness List [DE 141] are **GRANTED**;

8. Defendants' Motion to Strike Plaintiff's Replies [DE 148] is **DENIED**.

*Rebecca Grady Jennings, District Judge*
United States District Court

March 7, 2022