UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELISSA MIDDLETON                                            Plaintiff

v.                                                       Civil Action No. 3:17-cv-602-RGJ

SELECTRUCKS OF AMERICA, LLC                     Defendants
D/B/A SELECTRUCKS OF LOUISVILLE,
*ET AL.*

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Melissa Middleton ("Middleton") moves to dismiss Count 3 of her First Amended Complaint. [DE 158]. Defendants did not object. Briefing is complete, and the matter is ripe. For the reasons below, the Court **GRANTS** Middleton's Motion to Dismiss Count 3 [DE 158] and **DISMISSES WITH PREJUDICE** Count 3 of Middleton's First Amended Complaint [DE 39].

**I.    DISCUSSION**

Middleton filed suit against Defendants alleging, among other things, retaliation for engaging in activities protected by the Kentucky Civil Rights Act ("KCRA"), KRS § 344.010, *et seq.*, in violation of KRS 344.280. [DE 39 at 390–91]. On May 4, 2022, Middleton moved to dismiss her retaliation claim against Defendants, which is listed as Count 3 in her First Amended Complaint. [DE 158].

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Sixth Circuit has held that whether to grant a dismissal under Rule 41 is within the discretion of the trial court. *See Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The district court should not dismiss the claim if the nonmoving party "would suffer 'plain legal prejudice' as

the result of a dismissal without prejudice." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217 (1947)). This Court has held that prejudice as a result of dismissal may be remedied by dismissing a claim with prejudice. *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1061 (W.D. Ky. 2020).

The Court finds that Defendants will not suffer prejudice by granting Middleton's motion for dismissal of Count 3. Any prejudice that Defendants may have suffered by the dismissal is remedied by dismissal with prejudice. *See Crenshaw*, 433 F. Supp. 3d at 1061. Because Defendants will not be prejudiced by dismissal, the Court **GRANTS** Middleton's Motion to Dismiss [DE 158] and **DISMISSES WITH PREJUDICE** Count 3 of Middleton's First Amended Complaint [DE 39].

II. <u>**CONCLUSION**</u>

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Middleton's Motion to Dismiss Count 3 [DE 158] is **GRANTED** and Count 3 of Middleton's First Amended Complaint [DE 39] is **DISMISSED WITH PREJUDICE**.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

May 10, 2022

Copies to: Counsel of record