FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date:  _____ May 18, 2022 _____

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**MELISSA MIDDLETON**                                                    **Plaintiff**

**v.**                                                    **Civil Action No. 3:17-cv-602-RGJ**

**SELECTRUCKS OF AMERICA, LLC**                                **Defendants**
**D/B/A SELECTRUCKS OF**
**LOUISVILLE,** *ET AL.*

## JURY INSTRUCTIONS

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every case.  I will explain the rules of law that you must apply in deciding whether the parties have proven the elements of their respective counts.  I will then explain some rules that you must use in evaluating the testimony and evidence.  And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  The first duty is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and apply it to the facts as you find them from the evidence in this case. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions I gave you before and during the trial, and these instructions now.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you and reach a just verdict.

## BURDEN OF PROOF

Plaintiff has the burden in a civil action, such as this, to prove every essential element of their claims by a "preponderance of the evidence." You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this and you should not use it. In this case, if a Plaintiff should fail to establish any essential element of their claim by a "preponderance of the evidence," you should find for the Defendant on that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and any stipulations agreed to by the parties which I have read to you here in court.

**EVIDENCE DEFINED**

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.

"Direct evidence" is direct proof of a fact, such as testimony of a person who asserts or claims to have actual knowledge of a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

"Circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, the manner in which a witness testifies, the character of the testimony given, or by evidence contrary to the testimony. You should carefully examine all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness takes an oath to tell the truth and lawyers for the parties may ask them questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, all or part of the deposition of that person may be read at the trial, and the testimony in that deposition should be treated by you exactly as if the witness were testifying live here in Court.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeals to your minds as being most accurate and otherwise trustworthy.

**ALL PERSONS EQUAL BEFORE THE LAW—CORPORATIONS**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, stand equal before the law, and are to be treated as equals.

Next, I will explain to you the elements of the claims that Plaintiff makes against the Defendant.

10

## FAMILY MEDICAL LEAVE ACT ("FMLA") RETALIATION CLAIM

I am now going to instruct you as to the law regarding the Plaintiff's FMLA Retaliation Claim. This federal law entitles eligible employees to leaves of absence for specified reasons. Plaintiff claims that Defendant retaliated against her for exercising her rights under the FMLA. The FMLA prohibits an employer from interfering with an employee's exercise of rights under the Act, or retaliating against the employee for doing so.

In order for a Plaintiff to prevail on an FMLA retaliation claim, the plaintiff must prove all of the following elements by a preponderance of the evidence:

1. The Plaintiff was eligible for leave;

2. The Plaintiff gave the Defendant appropriate notice of her need to be absent from work;

3. The Defendant discharged the Plaintiff;

4. The Plaintiff's absences from work due to FMLA leave or requests for FMLA leave was a motivating factor in the Defendant's decision to discharge the Plaintiff.

In this case, it is not disputed that Melissa Middleton has satisfied the first three requirements to succeed on this claim.  The only question remaining is whether you believe her termination was motivated, in whole or in part, by her taking or requesting FMLA leave. If you believe, by a preponderance of the evidence, that her termination was, then you must find for the Plaintiff, Melissa Middleton.

11

**JURY INTERROGATORY**

**COUNT 1 – FMLA RETALIATION**

**INTERROGATORY NO. 1**

We, the jury, find that the Plaintiff's absences from work due to FMLA leave or requests

for FMLA leave was a motivating factor in the Defendant's decision to discharge the Plaintiff:

YES_____ NO_____

## KENTUCKY CIVIL RIGHTS ACT ("KCRA") SEX DISCRIMINATION CLAIM

Plaintiff also has brought a claim for sex discrimination under the KCRA.  The KCRA prohibits employers from discriminating against individuals because of their race, religion, national origin, disability, age, or sex.

A plaintiff can prevail on a sex discrimination claim if an employer terminated her "because of her sex."  In this context, the term "because of" requires us to recognize that things are often caused by multiple factors.  A defendant cannot prevail "just by citing some other factor that contributed to its challenged employment decision."  If you find that Plaintiff was terminated because of her sex, then Plaintiff must prevail.

You will find for the Plaintiff under this Instruction if you are satisfied from the evidence that the Defendant's decision to discharge the Plaintiff was because of the Plaintiff's sex.

**JURY INTERROGATORY**

**COUNT 2 – KCRA SEX DISCRIMINATION**

**INTERROGATORY NO. 2**

We, the jury, find that Plaintiff was terminated by Defendant because of her sex:

YES_____ NO_____

That completes my instructions on the elements of the claims.  Next, I will explain the damages that the Plaintiff seeks against the Defendant.

## ACTUAL DAMAGES

If you find that Plaintiff has proven either of her claims against the Defendant, then you must determine what amount of damages, if any, Plaintiff may be entitled to recover.  If you find that Plaintiff has failed to prove any of her claims, then you will not consider the question of damages.

If you find that Plaintiff is entitled to a verdict, you will award her only such reasonable damages as you find from a preponderance of the evidence in this case that she has sustained as a direct result of Defendant's conduct.  Plaintiff must prove her damages by a preponderance of the evidence.

Compensation for these injuries is known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate her for the damage suffered. Further, compensatory damages are not limited merely to expenses that a plaintiff may have borne. A prevailing plaintiff also is entitled to compensatory damages for embarrassment and humiliation, pain and suffering, mental anguish, shock, and discomfort that she has suffered because of a defendant's conduct.

Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**DAMAGES**

**INTERROGATORY NO. 3**

If you found for the Plaintiff, Melissa Middleton, under Interrogatory 1 or Interrogatory 2, you will determine from the evidence and award her damages as follows:

You will award her a sum of money to fairly and reasonably compensate her for the losses of income that it is more likely than not she has suffered in the past as a result of the Defendant's discrimination and/or retaliation, not to exceed $481,529.61.

We award the Plaintiff, Melissa Middleton, damages for the loss of past income in the amount of $_____

**DAMAGES**

**INTERROGATORY NO. 4**

If you found for the Plaintiff, Melissa Middleton, under Interrogatory 2, you will determine from the evidence and award her damages as follows:

A sum of money that will reasonably compensate her for the embarrassment and humiliation that you believe from the evidence it is more likely than not she has suffered as a result of the Defendant's actions, not to exceed $1,444,588.83.

We award the Plaintiff, Melissa Middleton, damages for embarrassment and humiliation in the amount of $_____

**JURY DELIBERATIONS AND ELECTION OF FOREPERSON**

When you retire to deliberate, you will discuss the case with your fellow jurors to reach agreement if you can do so.

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience.

You will take these verdict forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form that sets forth the verdict upon which you unanimously agree.  You will then notify the Courtroom Security Officer ("CSO") and return with your verdict to the courtroom.

**UNANIMOUS VERDICT**

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

**NOTES**

During this trial, I permitted you to take notes. You were not required to take notes. If you did not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## COMMUNICATION WITH THE COURT

Do not talk to the CSO, or to me, or to anyone else, except each other, about this case.  If it becomes necessary during your deliberations to communicate with me, you may send a note through the CSO signed by your foreperson or by one or more members of the jury.  You may only communicate with me by a signed writing or here in open Court.  If you write me a message, the CSO will give it to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you reach a unanimous verdict or have been discharged.

**REACHING AGREEMENT**

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions.  You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors. Remember at all times that you are not partisans. You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  Therefore, it is important that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.

**Please fill out the Verdict Forms and return to the courtroom.**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:17-cv-602-RGJ**

**MELISSA MIDDLETON**                                                    **Plaintiff**

**v.**

**SELECTRUCKS OF AMERICA, LLC**                              **Defendants**
**D/B/A SELECTRUCKS OF**
**LOUISVILLE,** *ET AL.*

<u>VERDICT FORM 1</u>

FOR COUNT 1 – FMLA RETALIATION

**INTERROGATORY NO. 1**

    We, the jury, find that the Plaintiff's absences from work due to FMLA leave or requests for

FMLA leave was a motivating factor in the Defendant's decision to discharge the Plaintiff:

YES_____ NO_____

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S NAME

_____
FOREPERSON'S JUROR NUMBER

DATE  _____

1

<u>VERDICT FORM 2</u>

FOR COUNT 2 – KCRA SEX DISCRIMINATION

**INTERROGATORY NO. 2**

We, the jury, find that Plaintiff was terminated by Defendant because of her sex:

YES_____ NO_____

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S NAME

_____
FOREPERSON'S JUROR NUMBER

DATE  _____

2

<u>VERDICT FORM 3</u>

DAMAGES

**INTERROGATORY NO. 3**

  If you found for the Plaintiff, Melissa Middleton, under Interrogatory 1 or Interrogatory 2, you will determine from the evidence and award her damages as follows:

  You will award her a sum of money to fairly and reasonably compensate her for the losses of income that it is more likely than not she has suffered in the past as a result of the Defendant's discrimination and/or retaliation, not to exceed $481,529.61.

  We award the Plaintiff, Melissa Middleton, damages for the loss of past income in the amount of $_____

          _____

          FOREPERSON'S SIGNATURE

          _____

          FOREPERSON'S NAME

          _____

          FOREPERSON'S JUROR NUMBER

      DATE  _____

<u>VERDICT FORM 4</u>

DAMAGES

**INTERROGATORY NO. 4**

      If you found for the Plaintiff, Melissa Middleton, under Interrogatory 2, you will determine from the evidence and award her damages as follows:

      A sum of money that will reasonably compensate her for the embarrassment and humiliation that you believe from the evidence it is more likely than not she has suffered as a result of the Defendant's actions, not to exceed $1,444,588.83.

      We award the Plaintiff, Melissa Middleton, damages for embarrassment and humiliation in the amount of $_____

_____

FOREPERSON'S SIGNATURE

_____

FOREPERSON'S NAME

_____

FOREPERSON'S JUROR NUMBER

DATE  _____