UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELISSA MIDDLETON                                                                                      Plaintiff

v.                                                                                          Civil Action No. 3:17-cv-602-RGJ

SELECTRUCKS OF AMERICA, LLC                                                         Defendants
D/B/A SELECTRUCKS OF LOUISVILLE,
*ET AL.*

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Melissa Middleton ("Middleton") moved for a new trial. [DE 176]. Defendants SelecTrucks of America, LLC and Daimler Trucks North America ("Defendants") responded [DE 181] and Middleton replied [DE 184]. At trial, Defendants moved for judgment as a matter of law. Middleton responded in writing [DE 186] and Defendants replied [DE 199]. Briefing is complete, and the matter is ripe. For the reasons below, Middleton's Motion for a New Trial [DE 176] is **DENIED** and Defendants' oral motion for judgment as a matter of law is **DENIED AS MOOT**.

I. **BACKGROUND**

The background is set forth in the Court's Order on summary judgment [DE 131] and is incorporated by reference.

The Court held a five-day jury trial from May 10, 2022, through May 18, 2022. [DE 175 at 3154]. The Jury awarded a verdict in favor of Defendant. [*Id.* at 3155]. As a result, Plaintiff recovered no damages, and the case was dismissed on its merits. [*Id.*].

II. **MIDDLETON'S MOTION FOR A NEW TRIAL [DE 176]**

Middleton moves for a new trial on three grounds. [DE 176 at 3159]. First, Middleton asserts that the Court's interaction with Juror 83 contaminated the jury and subsequent

1

deliberations. [DE 176 at 3159]. In response, Defendants contend that her objection has been waived and lacks factual support. [DE 181 at 3469]. Middleton next argues that defense counsel's question regarding her dismissed claim conveyed improper information to the jury. [DE 176 at 3160]. Defendants assert that the question was not improper. [DE 181 at 3473]. Finally, Middleton claims that she should have been able to play video excerpts of Howard's deposition at trial. [DE 176 at 3161]. Defendants contend that Middleton waived her right to object to the exclusion. [DE 181 at 3474].

### A. Standard

If a court does not grant judgment as a matter of law after close of evidence and the party renews its request after a verdict is entered, the court may (1) allow the judgment to stand, (2) order a new trial, or (3) direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). Judgment as a matter of law may be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 543 (6th Cir. 2008) (citations omitted). In considering such a motion, the district court must view "the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences." *Balsley v. LFP, Inc.*, 691 F.3d 747, 757 (6th Cir. 2012) (quotation marks and citations omitted). The Court may not "reweigh the evidence, question the credibility of witnesses, or substitute [its] own judgment for that of the jury." *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 306 (6th Cir. 2016). If "there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party," then the court should grant the motion. *Balsley*, 691 F.3d at 757.

Under Federal Rule of Civil Procedure 59(a), a trial court may grant a new trial on "all or some of the issues" following a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(B). The Sixth Circuit has interpreted Rule 59(a) to require a "seriously erroneous result," as evidenced by one of three things: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045–46 (6th Cir. 1996) (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *Cygnar v. City of Chi.*, 865 F.2d 827, 835 (7th Cir. 1989); and *Mallis v. Bankers Tr. Co.*, 717 F.2d 683, 691 (2d Cir. 1983)). When a new-trial motion challenges the weight of the evidence, the Court must "accept the jury's verdict 'if it is one which reasonably could have been reached.'" *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (quoting *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)). "[T]he grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing abuse of discretion." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The Court cannot set aside the jury's verdict simply because it thinks another result is more justified. *See Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 534 (6th Cir. 2014).

### B. Analysis

#### i. Juror Misconduct

Middleton argues that the Court's interaction with Juror 83 contaminated the jury and subsequent deliberations. [DE 176 at 3159]. In response, Defendants contend that her objection has been waived and lacks factual support. [DE 181 at 3469].

The Sixth Circuit has held that the failure to object to juror misconduct at trial waives the arguments for appeal. *See Blackmon v. Eaton Corp.*, No. 16-5266, 2017 WL 8159215, at *5 (6th Cir. Oct. 18, 2017) (citing *Blue v. Coca-Cola Enter., Inc.*, 43 F. App'x 813, 816 (6th Cir. 2002)). Moreover, juries are presumed to "follow their instructions." *Esparza v. Sheldon*, 765 F.3d 615, 623 (6th Cir. 2014) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

After the start of the second day of the trial, the Court detailed a chance interaction with Juror 83:

> All right. So the only issue I have to bring up with you-all is—as I would expect you-all to do for everyone else, I need to disclose an interaction I had last night with one of the members of the jury. I left here maybe about 40 minutes after court was over. I went to my local Kroger to go shopping. I was aware that an individual was looking at me while I was grocery shopping. . . . So I saw the individual a couple times while I was shopping in the Kroger. He checked out at, you know, an individual checkout next to me, a self-checkout, and he left behind me. I thought he had left. He waited for me at the entrance to the Kroger as I was walking out and started talking to me as I walked to my car.
>
> Again, I saw a lot of people yesterday. It did not immediately occur to me that he was a member of the jury. He did engage in conversation. He said, "So you're the judge." I've heard that line before in other context[s, s]o it didn't really catch me off guard. He asked if I did civil as well as criminal cases. So, again, my first thought is not "He's a juror." My first thought was "Is he a defendant in one of my cases?"
>
> So I said, "Yes, I do both civil and criminal law." And then he said, "Well, you said today that this is a"—and I don't know if he said "this is a civil case" or "this is a state case," but he asked whether or not the court does both state and federal.
>
> And I said—now I'm thinking, "Okay. He's somebody who was in the room." I said, "When there's a federal claim, this court can also adjudicate state law issues." I said nothing more than that because at this point I'm at my car. And he said, "Well, then, I guess I'll see you tomorrow" and walked off.

[DE 192, May 11, 2022, Trial Tr., at 3788–89].

4

The Court noted to the parties that it would continue to admonish the jury after each day.[1] [*Id.* at 3791]. Middleton did not object or ask the Court to remove Juror 83. [*Id.*]. Accordingly, Middleton waived any argument related to Juror 83's alleged misconduct. *See Blackmon*, 2017 WL 8159215, at *5.

Middleton based her assertions on *In re Beverly Hills Fire Litig.*, 695 F.2d 207 (6th Cir. 1982). In that case, the Court learned that a juror had conducted his own experiment and shared the result with other jurors during deliberations. *See id.* at 213–14. Here, there is no evidence that Juror 83 conducted an experiment or tainted the jury in any way. Juror 83 simply asked a question regarding the Court's jurisdiction that was unrelated to this case. [DE 192, May 11, 2022, Trial Tr., at 3788–89]. The jury is presumed to have followed the Court's multiple admonitions, see *Esparza*, 765 F.3d at 623, and Middleton presented no evidence to the contrary that would suggest prejudice or bias, see *Holmes*, 78 F.3d at 1045–46. Therefore, the Court cannot grant a new trial based on any alleged misconduct by Juror 83.

### ii. Improper Question from Defense Counsel

Middleton contends that defense counsel's question regarding her dismissed claim conveyed improper information to the jury. [DE 176 at 3160]. Defendants assert that the question was not improper. [DE 181 at 3473].

"Misconduct by an attorney that results in prejudice may serve as a basis for a new trial. The burden of showing prejudice rests with the party seeking the new trial, and district courts have broad discretion in deciding whether to grant a motion for a new trial." *Fuhr v. Sch. Dist. of City*

---

[1] Exhibit B to Defendants' response provides the relevant admonitions from the Court. [DE 181-2 ("Please remember my admonition not to speak to anyone, including one another, about this case. Don't use your cell phones or smartphones to do any research or try to research anything about this case. All the information you need will be heard within the four walls of this courtroom, and most importantly, don't make up your mind about any of the evidence until you've heard all of the evidence and you finally retire to deliberate.")].

5

*of Hazel Park*, 364 F.3d 753, 759 (6th Cir. 2004) (quoting *In re Air Crash Disaster*, 86 F.3d 498, 524 (6th Cir. 1996)). To prevail, the moving party must show both that the conduct was improper and that Middleton "was prejudiced by the impropriety, that is, that there is a reasonable probability that the jury's verdict was influenced by the improper argument." *Id.* at 760. To determine the probability that the jury's verdict may have been influenced, the Court must review the totality of the circumstances, "including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e. g. whether it is a close case), and the verdict itself." *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 756 (6th Cir. 1980).

Here, Middleton moved to voluntarily dismiss Count 3 prior to trial. [DE 158]. Defendants did not object and the Court dismissed Count 3. [DE 159]. During Middleton's cross-examination, defense counsel asked Middleton "[n]ow, isn't it true that until last week you were claiming that you were retaliated against for requesting." [DE 188, May 11, 2022, Trial Tr., at 3650]. Counsel was not able to complete their question before counsel to Middleton objected. [*Id.*]. The Middleton's objection was ultimately sustained. [*Id.* at 3657]. Viewing the facts in light of *Peter Kiewit Sons' Co.*, 624 F.2d at 756, the question related to a dismissed claim and defense counsel did not get the opportunity to fully ask the question. [DE 188, May 11, 2022, Trial Tr., at 3650]. Defendants argue that they attempted to ask the question to impeach Middleton's credibility. [DE 181 at 3472]. The jury ultimately rendered a verdict in favor of Defendants, but Plaintiffs did not present evidence related to the strength of the case. [DE 175]. The Court finds that a single, partially asked question was not enough to influence the jury's verdict. *See Peter Kiewit Sons' Co.*, 624 F.2d at 756. Middleton has failed to satisfy her burden to prove that this event could have improperly influenced the jury. *See Fuhr*, 364 F.3d at 759.

        *iii.   Inability to Play Howard's Video Deposition*

Middleton argues that she should have been able to play video excerpts of Howard's deposition at trial. [DE 176 at 3161]. In response, Defendants contend that Middleton waived her right to object to the exclusion. [DE 181 at 3474].

"[I]n a civil action, '[a] principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result.'" *United States v. Walton*, 909 F.2d 915, 924 (6th Cir. 1990) (quoting C. Wright & A. Miller, *Fed. Prac. and Proc.: Civ.* § 2805 (1973)). Here, Defendants objected to the use of Howard's video deposition and argued that its admission would violate Federal Rule of Civil Procedure 30(b)(3)(A). [DE 141 at 2991]. Middleton failed to respond to Defendants' objection. Therefore, the Court granted Defendants' objection in its Order on the parties' motions *in limine*. [DE 153]. The Court's Order explicitly stated that it was "no more than a preliminary, or advisory, opinion" that may be altered or amended at trial. [*Id.* at 3067]. Middleton could have requested to play the video deposition but, instead, read Howard's deposition excerpts for the jury. Middleton cannot claim she is entitled to a new trial after failing to respond the Defendants' objection and failing to address this issue at trial. *Walton*, 909 F.2d at 924. Middleton notes that she was still allowed to read Howard's deposition transcript to the jury and conduct a live cross-examination at trial. [DE 176 at 3161]. Accordingly, the Court cannot find that Middleton's failure to play Howard's video deposition at trial resulted in a "gross injustice." *Walton*, 909 F.2d at 924.

Middleton has failed to prove that her trial was unfair or influenced by prejudice or bias in any way. *See Holmes*, 78 F.3d at 1045–46. Therefore, Middleton's Motion for a New trial [DE 176] is **DENIED**.

### III. DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

At trial, Defendants moved for judgment as a matter of law on Middleton's Family and Medical Leave Act ("FMLA") claim because they had fewer than 50 employees within 75 miles of Middleton's workplace. [DE 196, May 18, 2022, Trial Tr., at 4218–20]. However, the jury found for Defendants on all Counts. [DE 175]. The jury's verdict in Defendants' favor means that their motion for judgment as a matter of law is moot. *See* Fed. R. Civ. P. 50 advisory committee's note (1991) (a jury verdict for the moving party "moots the issue" raised in a motion for judgment as a matter of law); *Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care*, 756 F. Supp. 2d 598, 600 (D. Del. 2010) ("The jury has returned a verdict in favor of [plaintiff], and therefore, as [plaintiff] acknowledges, its Motion for Judgment As A Matter Of Law is moot."). Because the jury rendered a verdict in Defendants' favor, Defendants' oral motion for judgment as a matter of law is **DENIED AS MOOT**.

### IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Middleton's Motion for a New Trial [DE 176] is **DENIED**; and

2. Defendants' oral motion for judgment as a matter of law is **DENIED AS MOOT**.

Rebecca Grady Jennings, District Judge
United States District Court

January 17, 2023