UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELISSA MIDDLETON     Plaintiff

v.     Civil Action No. 3:17-cv-602-RGJ

SELECTRUCKS OF AMERICA, LLC     Defendants
D/B/A SELECTRUCKS OF LOUISVILLE,
*ET AL.*

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants SelecTrucks of America, LLC and Daimler Trucks North America ("Defendants") submitted a Bill of Costs [DE 177], a Supplemental Bill of Costs [DE 185], and a Second Supplemental Bill of Costs. [DE 200]. Plaintiff Melissa Middleton ("Middleton") objected. [DE 207]. Defendants did not reply, and the time for doing so has elapsed. This matter is ripe. For the reasons below, Defendants' Bill of Costs [DE 177], Supplemental Bill of Costs [DE 185], and Second Supplemental Bill of Costs [DE 200] are **DENIED**.

### I. BACKGROUND

The background is set forth in the Court's Order on summary judgment [DE 131] and is incorporated by reference.

The Court held a five-day jury trial from May 10, 2022, through May 18, 2022. [DE 175 at 3154]. The Jury awarded a verdict in favor of Defendant. [*Id.* at 3155]. As a result, Middleton recovered no damages, and the case was dismissed on its merits. [*Id.*]. Middleton moved for a new trial, but the Court denied this motion on January 17, 2023. [DE 206].

## II.     STANDARD

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *overruled on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012)). The Supreme Court has held that a district court may award costs only for those elements in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

Courts may decline awarding costs when "it would be inequitable under all the circumstances in the case." *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at *1 (E.D. Ky. Feb. 2, 2015) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (internal quotation marks omitted)). "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's

costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Smith*, 2015 WL 428115, at *1 (quoting *White & White, Inc.*, 786 F.2d at 730).

### III.   DISCUSSION

Middleton requests costs totaling $18,137.04 for service of summons and subpoenas, transcripts, fees for witnesses, and the cost of making copies. [DE 177; DE 185; DE 200]. Defendants' Bill of Costs relates to expenses incurred for trial. [DE 177]. The Supplemental Bill of Costs relates to Middleton's motion for a new trial [DE 185], and the Second Supplemental Bill of Costs relates to Middleton's motion for judgment as a matter of law [DE 200]. In response, Middleton argues that the costs should be disallowed because Defendants did not attach an affidavit. [DE 207 at 4313]. Middleton also argues that the three bills of costs should be denied on their merits. [*Id.* at 4314–16].

Middleton first argues that Defendants' bills of costs should be disallowed because they do not attach affidavits. [DE 207 at 4313]. Pursuant to 28 U.S.C. § 1924,

> the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

The requirements of § 1924 "are not mere formalities." *Maynard v. Mines*, No. CIV.A. 7:07-CV-131, 2009 WL 2778252, at *3 (E.D. Ky. Sept. 1, 2009). Section 1924 uses the term "shall" instead of "may" when referencing the affidavit. "This mandatory language suggests that these steps must be followed in order for the prevailing party to obtain their costs." *Maynard*, 2009 WL 2778252, at *3. "Without a response, or an affidavit under Section 1924, there [may be] insufficient

3

information to make a finding that any of the [costs] were reasonable and necessary for the litigation." *Wilden v. Laury Transportation, LLC*, No. 3:13-CV-784-DJH-CHL, 2017 WL 10442716, at *3 (W.D. Ky. May 26, 2017), *report and recommendation adopted,* No. 3:13-CV-784-DJH-CHL, 2017 WL 10442231 (W.D. Ky. Sept. 26, 2017).

Here, Defendants failed to respond to Middleton's objection and the time for doing so has passed. Defendants filed their bills of costs with receipts and charts organizing their costs. However, none were accompanied by a signed affidavit pursuant to § 1924. This is a mandatory requirement of § 1924, not a mere formality. *See Maynard*, 2009 WL 2778252, at *3. Without a response or an affidavit in support, the Court is unable to determine whether Defendants' costs were reasonable or necessary. *See Wilden*, 2017 WL 10442716, at *3. Defendants have failed to rebut any of Middleton's objections or cite any contrary case law. Therefore, Middleton has overcome the presumption in favor of awarding costs. *See White & White, Inc.*, 786 F.2d at 730. Because Defendants have failed to comply with the strict requirements of § 1924, Defendants' Bill of Costs [DE 177], Supplemental Bill of Costs [DE 185], and Second Supplemental Bill of Costs [DE 200] are **DENIED**. The Court will not consider Middleton's additional arguments.

## IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Defendants' Bill of Costs [DE 177], Supplemental Bill of Costs [DE 185], and Second Supplemental Bill of Costs [DE 200] are **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

April 10, 2023