UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELISSA MIDDLETON                                                    Plaintiff

v.                                              Civil Action No. 3:17-cv-602-RGJ

SELECTRUCKS OF AMERICA, LLC d/b/a                        Defendants
SELECTRUCKS OF LOUISVILLE, *et al.*

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants SelecTrucks of America, LLC, and Daimler Trucks North America ("Defendants") moved the Court to reconsider its Order on Bill of Costs. [DE 210]. Plaintiff Melissa Middleton ("Middleton") responded [DE 211] and Defendants replied [DE 212]. Counsel to Middleton also moved to withdraw. [DE 208]. Briefing is complete, and the matters are ripe. For the reasons below, Defendants' Motion for Reconsideration [DE 210] is **GRANTED**; Defendants' Bills of Costs [DE 177; DE 185; DE 200] are **GRANTED in PART and DENIED in PART**; and Counsel's Motion to Withdraw [DE 208] is **GRANTED**.

## I.      BACKGROUND

The background is set forth in the Court's Order on summary judgment [DE 131] and is incorporated by reference.

The Court held a five-day jury trial from May 10, 2022, through May 18, 2022. [DE 175 at 3154]. The Jury awarded a verdict in favor of Defendant. [*Id.* at 3155]. As a result, Middleton recovered no damages, and the case was dismissed on its merits. [*Id.*]. Middleton moved for a new trial, but the Court denied this motion. [DE 206]. Defendants moved for costs. [DE 177; DE 185; DE 200]. Middleton objected [DE 207], Defendants failed to respond to the objections, and

the Court denied costs [DE 209]. The Court must now resolve Defendants' Motion for Reconsideration [DE 210] and Counsel's Motion to Withdraw [DE 208].

## II.    MOTION FOR RECONSIDERATION [DE 210]

Middleton requested costs totaling $18,137.04 for service of summons and subpoenas, transcripts, fees for witnesses, and the cost of making copies. [DE 177; DE 185; DE 200]. Defendants' Bill of Costs related to expenses incurred for trial. [DE 177]. The Supplemental Bill of Costs related to Middleton's motion for a new trial [DE 185], and the Second Supplemental Bill of Costs related to Middleton's motion for judgment as a matter of law [DE 200]. Middleton objected to the costs because Defendants did not attach an affidavit, [DE 207 at 4313], and argued that the three bills of costs should be denied on their merits in the Court's discretion. [*Id*. at 4314–16]. Defendants failed to respond to any of the objections asserted by Middleton. And therefore, without further information, the Court denied costs because no further affidavit was attached to the Form AO 133. [DE 209]. The Court did not reach the remaining objections asserted by Middleton to the Defendants' costs.

Defendants now request reconsideration and argue, among other things, that Form AO 133 replaced the need for a signed affidavit. [DE 210 at 4330]. In response, Middleton contends that this district has not weighed in on whether Form AO 133 has replaced the need for an affidavit when faced with an objection. [DE 211 at 4351]. Defendants also now respond for the first time to certain of Middleton's other objections.

### A. Standard

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A

district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991).

Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). Moreover, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *United States v. Smith*, Case No. 3:08-cr-31-JMH, 2012 WL 1802554, at *1 (E.D. Ky. May 2012) (quoting *Roger Miller Music*, 477 F.3d at 395).

For these reasons, the Sixth Circuit instructs that a motion for reconsideration should be granted only in four situations: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted).

**B. Analysis**

Defendants' first contend that they were somehow prohibited from responding or not expected to respond to Middleton's objections. Plainly, this contradicts local practice and the Local Rules. Two of the three cases from this District cited by Defendants in their Motion to Reconsider

3

included a response to the objection to bill of costs. *See, e.g.*, *Williams v. McDonough*, Case No. 3:17-cv-00273-RGJ (W.D. Ky.) (Affidavit at DE 60-2 and Response at DE 61); *Blount v. Stanley Eng'g Fastening*, Case No. 5:19-cv-00109-BJB (W.D. Ky.) (Response at DE 149). Though Defendants cite mandatory language from the District of Colorado, only the Local Rules for the Western District of Kentucky are applicable. [DE 210 at 4338]. Nothing in the Local Rules *prohibits* a response to an opposing party's objection that raises valid legal arguments and it is certainly custom, if not expectation, that when an objection is asserted, whether to a bill of costs or report and recommendation of a magistrate judge, a response is filed.

As to reconsideration of the Court's Order denying costs based on a lack of affidavit, Congress enacted 28 U.S.C. § 1746 on October 18, 1976, which provides:

> Wherever, under any law of the United States . . . any matter is required . . . to be supported, evidenced, established, or proved by [a] sworn . . . affidavit . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> (2) If executed within the United States: . . . "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature.]"

The legislative history of § 1746 states that "the purpose of this legislation is to permit the use in Federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits." *See Williams v. Browman*, 981 F.2d 901, 904 (6th Cir. 1992) (quoting H.R. Rep. No. 1616, 94th Cong., 2d Sess. 1, reprinted in 1976 U.S.C.C.A.N. 5644). Therefore, the Sixth Circuit has held that an unsworn declaration given under penalty of perjury has the same legal effect as an affidavit. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002).

In denying Defendants' Bills of Costs, the Court held that Defendants failed to provide an affidavit pursuant to 28 U.S.C. § 1924. [DE 209 at 4326]. The Court primarily relied on *Maynard*

*v. Mines*, No. CIV.A. 7:07-CV-131, 2009 WL 2778252, at *3 (E.D. Ky. Sept. 1, 2009), which held

that the requirements of § 1924 "are not mere formalities."   The *Maynard* Court, in turn, heavily

relied on *Mason v. Belieu* 543 F.2d 215 (C.A.D.C. 1976) when reaching this decision.   *See*

*Maynard*, 2009 WL 2778252, at *3.   However, *Mason* was decided approximately six months

before Congress enacted § 1746.   *See* 543 F.2d at 215.   Because *Mason* was not decided in light

of § 1746, the Court must decline to follow *Mason* and its progeny.   Other Courts in this Circuit

that have analyzed § 1746 have come to similar conclusions.[1]   *See Rote v. Zel Custom Mfg., LLC*,

No. 2:13-CV-1189, 2020 WL 1672192, at *1 (S.D. Ohio Apr. 6, 2020) (holding Form AO 133

satisfies the affidavit requirement of § 1924 because of the legal effect conveyed by § 1746); *El*

*Camino Res., Ltd. v. Huntington Nat. Bank*, No. 1:07-CV-598, 2012 WL 4808741 (W.D. Mich.

May 3, 2012) ("A declaration made under 28 U.S.C. § 1746 satisfies the affidavit requirement.").

Accordingly, Defendants met the minimum requirements of having an affidavit to request costs.

This point made in the Court's prior order was incorrect and the Court **GRANTS** Defendants'

Motion for Reconsideration [DE 210] as to this issue.

   While the minimum requirement of an affidavit was met for the purpose of requesting

costs, the AO 133 provides very little detail or explanation as to the necessity of the costs requested

which is why local practice in this District is to include an affidavit detailing the necessity and

legal basis of each cost.   While the conclusory statement that ". . . each item of cost or disbursement

claimed above is correct and has been necessarily incurred in the above action . . ." may be

sufficient in support of an unopposed motion to tax costs, the generalized AO 133 is insufficient

---

[1] The Local Civil and Criminal Rules for the Southern District of Ohio require parties to use form AO 133 when requesting costs.  Southern District of Ohio Local Rule 54.1 ("A bill of costs must be prepared on Form AO 133 . . . or in substantially similar form.").  By comparison, the Local Rules for the Western District of Kentucky do not mention form AO 133 or provide requirements other than those provided by statute.

to meet Defendants' burden of proof after the costs have been challenged by plaintiff, as they have been here. *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 n.2 (E.D. Mich. 1995). Middleton filed an objection challenging not just the lack of affidavit but also the merits. [DE 207]. While the Court finds no "error" in Defendants use of AO 133 as its only affidavit in requesting costs, by failing to respond to Middleton's objections and providing further information or affidavit, Defendants have given the Court little basis to analyze the reasonableness of the request or the necessity of the costs for which taxation is sought.

### III.    BILLS OF COSTS [DE 177; DE 185; DE 200]

With this background, the Court now considers whether Defendants' costs are taxable. Defendants filed three separate Bills of Costs. [DE 177 ($ 13,573.19); DE 185 ($1,178.55); DE 200 ($3,385.30)]. In sum, Defendants request $18,137.04. [DE 177; DE 185; DE 200]. Despite Plaintiff's objection, Defendants failed to respond and provide any additional detail than that provided with the AO 133 and its accompanying invoices. While Defendants Motion to Reconsider attempts to provide some additional arguments on the merits on Plaintiff's objections, the Court notes that these arguments should have been made in response to the objection and are not considered appropriate for consideration in a Motion under Rule 59, the Court will consider them here, given that the Court only previously considered the affidavit issue.

#### A.  Standard

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule "creates a presumption in favor of awarding costs [to a prevailing party], but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Once the Court

determines that the prevailing party should receive costs, then the burden shifts to "the prevailing

party to establish the necessity and reasonableness of specific costs." *Swysgood v. Bd. of Educ. of*

*Nw. Loc. Sch. Dist. of W. Salem*, No. 5:17CV697, 2019 WL 2026514, at *2 n.2 (N.D. Ohio May

8, 2019) (citing *Pion v. Liberty Dairy Co.*, 922 F. Supp. 48, 52 (W.D. Mich. 1996)).  The prevailing

party must prove that the costs it seeks to have taxed "are authorized by applicable federal law,

including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Swysgood*, 2019 WL

2026514, at *2 (quoting *Howe v. City of Akron*, No. 5:06-CV-2779, 2016 WL 916701, at *19

(N.D. Ohio Mar. 10, 2016)).  Once a party has objected to costs, the prevailing party must address

the objections to the necessity of their expenses.  *Berryman*, 161 F.R.D. at 344.  While the AO

133 form "may be sufficient in support of an unopposed motion to tax costs, such evidence clearly

falls short of meeting defendants' burden of proof after the necessity and reasonableness of the

costs have been challenged by plaintiff." *Berryman*, 161 F.R.D. at 344 n.2.

The Supreme Court has held that a district court may award costs only for those elements

in § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>> (1) Fees of the clerk and marshal;
>> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>> (3) Fees and disbursements for printing and witnesses;
>> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;
>> (5) Docket fees under section 1923 of this title;
>> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

The Sixth Circuit has instructed that district courts should not be a "simple rubber stamp"

on expenses.  *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1151 (6th Cir. 1998).  Instead, "the district

court should cast a strict eye toward counsel's expense submissions." *Id.* at 1152. The Court has discretion to deny costs and must review the necessity of each cost subject to an objection. *See White & White, Inc.*, 786 F.2d at 730. Courts may decline awarding costs when "it would be inequitable under all the circumstances in the case." *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at *1 (E.D. Ky. Feb. 2, 2015) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (internal quotation marks omitted)). "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Smith*, 2015 WL 428115, at *1 (quoting *White & White, Inc.*, 786 F.2d at 730).

### B. Analysis

The Court has reviewed Defendants' Bills of Costs, which include brief itemization tables [DE 177-2; DE 185-1; DE 200-1] and invoices [DE 177-1; DE 185-2; DE 200-2]. However, these documents fail to describe exactly why each cost was necessary and why Defendants are entitled to the specific cost. As the Court has discussed, it is commonplace in this District to include an affidavit or other document that describes the costs and why they should be taxed. Middleton also contended that it was difficult to determine the necessity of costs without an affidavit. [DE 207 at 4313–14 (citing *Wilden v. Laury Transportation, LLC*, No. 3:13-CV-784-DJH-CHL, 2017 WL 10442716, at *3 (W.D. Ky. May 26, 2017))].

The Court had the opportunity to sit through jury selection and trial and judge the credibility of witnesses. After reviewing the evidence and listening to witnesses, the Court notes that this was a close case that could have gone either way. *See White & White, Inc.*, 786 F.2d at

730.  The District Court has discretion to deny costs in a case that is "close and difficult."  *Smith*, 2015 WL 428115, at *3 (quoting *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005)).

### 1.  Bill of Costs [DE 177]

A review of Defendants' Bill of Costs [DE 177] shows certain expenses that were unnecessary and should not be taxed as costs.  Defendants' itemization divides costs into three categories: (1)  Fees for Exemplification and the Costs of Making Copies, (2) Fees for Printed or Electronically Recorded Transcripts, and (3) Fees for Service of Summons and Subpoena.

In the first category, Defendants request $572.40 for demonstrative exhibits and $667.38 for copying trial exhibits.  [DE 177-2 at 3209].  Section 1920(4) allows the taxation of "costs of making copies of any materials where the copies are *necessarily* obtained for use in the case." 28 U.S.C. § 1920(4) (emphasis added).  Demonstrative exhibits are not a necessary component of trial.  *See Smith*, 2015 WL 428115, at *6.  Similarly, the courtroom utilized multimedia technology making paper exhibits unnecessary.  Moreover, the invoice provided does not include a description of the exhibits or any other indicator that could allow the Court to tax these costs as necessary. [DE 177-1].  Accordingly, the Court will only tax as costs $59.00 for obtaining medical records necessary for use in the case.

Defendants' costs associated with printed and electronically recorded transcripts also include several unnecessary expenses.  Defendants request $1,583.00 for the video portion of Wanda Yarborough's ("Yarborough") deposition and $1,858.20 for the stenographic portion of the same deposition.  [DE 177-2 at 3209].  No video depositions were played at trial, and Defendants have provided no support justify the expense for the video portion.  *See Berryman*, 161 F.R.D. at 344 (denying costs without support).  The Court is aware that a prevailing party can recover for both a stenographic and video deposition.  *See BDT Prod., Inc. v. Lexmark Int'l, Inc.*,

9

405 F.3d 415, 419–20 (6th Cir. 2005).  But the potential for recovering these costs does not negate Defendants' burden to describe their necessity for use in the case.  *See Swysgood*, 2019 WL 2026514, at *2.  Defendants failed to provide any explanation or describe a special circumstance that would support the need for both types of depositions.  [DE 177-2].  The stenographic portion of Yarborough's deposition also contains unnecessary expenses, such as "concierge tech support," an attendance fee, and secure file suite.  [DE 177-1 at 3196].  Because Defendants have not supported their costs, see *id.*, and because this was a close case, see *Smith*, 2015 WL 428115, at *1, the Court will only tax as costs $920.00 for the original transcript and one certified copy.

The Court also cannot tax $2,181.00 for Middleton's August 3, 2021 deposition.  The invoice simply notes that the transcript was expedited and includes the page count at 373.  [DE 177-1 at 3198].  Defendants do not explain why the transcript was expedited.  Because this was a close case and because Defendants have not explained why the transcript was expedited, see *Berryman*, 161 F.R.D. at 344, the Court will reduce this cost by 50%.  *See Montgomery Cty. v. Microvote Corp.*, No. CIV.A.97-6331, 2004 WL 1087196 (E.D. Pa. May 13, 2004) (reducing costs by 50% for a failure to sufficiently itemize).[2]  Middleton will only be taxed $1,090.50.  Finally, Defendants request costs of $730.00 and $190.00 for video synchronization of Middleton's depositions for trial.  Defendants have not explained how video synchronization was at all necessary, see *Berryman*, 161 F.R.D. at 344, and a transcript could have served the same purpose.  Again, the Court notes that costs for a stenographic and video deposition may be appropriate under some circumstances.  *See BDT Prod., Inc.*, 405 F.3d at 419–20.  But Defendants failed to provide any justification for these expenses or why video synchronization may have been necessary for use in this case.  [DE 177-2].  Accordingly, these costs will be disallowed because Defendants

---

[2] The invoice provided by Defendants does not indicate how much extra was charged to expedite the transcript or if any additional fees may have been incurred.  [DE 177-1 at 3198].

failed to satisfy their burden to justify costs. *See Swysgood*, 2019 WL 2026514, at *2. The Court deems all other costs in this category necessary. Middleton will be taxed $5,244.30 for costs associated with printed and electronically recorded transcripts in Defendants' Bill of Costs [DE 177].

Finally, Defendants request $300 for service of summons and subpoena and $2,198.41 in fees for witnesses. [DE 177]. These fees are taxable costs pursuant to § 1920 and 28 U.S.C. § 1821. However, these costs were doubled by Defendants' own delay of trial. The trial was scheduled to begin on March 21, 2022. [DE 154]. On March 20, Defendants moved for a continuance due to Counsel's medical emergency. [*Id.*]. The Court granted the motion and rescheduled the trial for May 10, 2022. [DE 156]. Despite their own request for a continuance Defendants appear to have requested costs associated with Bonnie Renfrow ("Renfrow") service of subpoena for the March 20 trial date ($175.00) and the May 10 trial date ($125.00). [DE 177-2 at 3210]. Similarly, Defendants requested witness fees for Renfrow and Bryan Howard ("Howard") on two separate occasions. [DE 177 at 3212]. Allowing Defendants to charge costs for their own delay would be fundamentally inequitable under the circumstances. *See Andretti*, 426 F.3d at 836. Accordingly, the Court will only tax costs for Renfrow's April 29, 2022, service of subpoena ($125), one occurrence of Renfrow's witness fees ($268.58), and one occurrence of Howard's witness fees ($807.52).

In sum, the Court will tax $6,504.40 as costs associated Defendants' Bill of Costs [DE 177].

### 2. Bills of Costs [DE 185; DE 200]

A review of Defendants' Bills of Costs DE 185 and DE 200 show additional expenses that were unnecessary and should not be taxed as costs. Bill of Costs [DE 185] requests $1,178.55 for

a trial transcript.  [DE 185-1].  Bill of Costs DE 200 requests $2,303.75 and 1.081.55 for trial transcripts.  [DE 200-1].  However, these trial transcripts were expedited.  [DE 18-2; DE 200-2]. Defendants provide no explanation for why these transcripts were expedited or why expediting these transcripts may have been necessary for use in the case.  They also do not explain what additional fees were charged for expediting these transcripts.  Accordingly, the Court will reduce these costs by 50%.  As the Court explained, this was a close case that could have gone either way, and the Court has discretion to deny costs. *See Smith*, 2015 WL 428115, at *3.  Middleton will be taxed $589.27 pursuant to Bill of Costs [DE 185] and $1,692.65 pursuant to Bill of Costs [DE 200].

By litigating her claims, Middleton assumed the risks inherent to litigation.  These risks include imposing costs. *See Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001) ("The partial lifting of the subsidy previously enjoyed by prisoner-litigants does not deny them access to the courts, except that, like all poor persons, their access is restricted because they must weigh the risks and rewards of trying their claims in court.")  (citing *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (stating that imposing costs against indigent prisoner makes them "like anybody else")).  Therefore, Defendants' Bills of Costs [DE 177; DE 185; DE 200] are **GRANTED in PART in the AMOUNT of $8,786.32 and DENIED in PART**.

## IV.   MOTION TO WITHDRAW AS COUNSEL [DE 208]

Counsel to Middleton moved to withdraw as counsel of record pursuant to Local Rule 83.6(b).  The Court, having reviewed the Motion finds that all the requirements of Local Rule 83.6(b) have been satisfied.   Accordingly, Counsel's Motion to Withdraw [DE 208] is **GRANTED**.

## V.   **CONCLUSION**

Having considered the filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

(1)   Defendants' Motion for Reconsideration [DE 210] is **GRANTED**;

(2)   Defendants' Bills of Costs [DE 177; DE 185; DE 200] are **GRANTED in PART in the AMOUNT of $8,786.32 and DENIED in PART**;

(3)   Middleton SHALL pay Defendants their costs in the amount of $8,786.32.  Payment to Defendants shall be forwarded to counsel of record within thirty days of the entry of this Order; and

(4)   Counsel's Motion to Withdraw [DE 208] is **GRANTED**.  Counsel shall forward this Order to Middleton's last known physical address *via* certified mail and last known email address.

Rebecca Grady Jennings, District Judge
United States District Court

July 18, 2023

Cc:   Counsel of Record
Melissa Middleton

13